**UNITED STATES of America,**

v.

**Edward F. McDONOUGH, Jr., and Marion R. McDonough, Defendants.**

No. 93–CR–162.

United States District Court, N.D. New York.

Sept. 20, 1993.

Gary L. Sharpe, U.S. Atty., N.D. NY, Albany, NY (Henry M. Greenberg, David R. Homer, of counsel), for U.S.

Dreyer, Boyajian & Tuttle, Albany, NY (William J. Dreyer, of counsel), for defendants.

### ORDER

McAVOY, Chief Judge.

On September 1, 1993, this court issued an Order in the above captioned action denying in part and reserving in part on defendants' omnibus motion. The portion of the motion on which the court reserved decision concerned the application of New York Election Law § 17–158 to count 12 of the indictment. On this issue, the court ordered the parties to provide further briefing addressing the question of whether the designation of an insurance agency as a municipality's "Broker of Record" constitutes an "appointment for any public office" within the meaning of N.Y.Elect.L. § 17–158(3). The government

has submitted a timely brief arguing that the designation of an insurance agency as a municipality's Broker of Record constitutes appointment to a "public office" or a "public place" within the meaning of N.Y.Elec.L. § 17–158(3).[1] The defendants have not submitted briefing on the issue and have indicated to the court that they would not be submitting same.

Upon the arguments presented in the government's brief, the court finds that appointment of an insurance agency to the position of a municipality's Broker of Record could constitute "nomination or appointment for a public office or place" within the meaning of New York Election Law § 17–158(3). That being the situation, the court now denies defendants' motion to strike ¶ F.5.D of count 12 on the grounds that it fails to allege the necessary elements of New York Election Law § 17–158.

**IT IS SO ORDERED.**

---

1. N.Y.Elec.L. § 17–158(3) provides:
   Any person who:
   \* \* \* \* \* \*
   (3) Makes, tenders or offers to procure, or cause any nomination or appointment for any public office or place, or accepts or requests any such nomination or appointment, upon the payment or contribution of any valuable consideration, or upon an understanding or promise thereof, [shall be guilty of a felony].
   N.Y.Elec.L. § 17–158(3).